UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:20-cr-00575-MTS |
| | ) |
| JAMES BLAKEMORE, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Before the Court are several pro se motions filed by defendant James Blakemore. The motions relate to relief that must be sought under 28 U.S.C. § 2255 and include requests for documents and transcripts. Because there is no basis for the Court to order that transcripts or other materials be provided to Defendant as part of a closed criminal case, the pending motions will be denied without prejudice. *See United States v. Wallace*, No. 4:17-cr-00526-SEP-3, 2024 WL 4644873 (E.D. Mo. Oct. 31, 2024) (defendant may file a motion for transcripts and/or discovery in a § 2255 action if he so choses and must follow the rules that relate to such a request).

On November 29, 2023, a jury found Defendant guilty of Carjacking under 18 U.S.C. § 2119(1), Brandishing a Firearm in Furtherance of a Crime of Violence under 18 U.S.C. § 924(c)(l)(A) and 18 U.S.C. § 924(c)(l)(A)(ii), and Felon in Possession of a Firearm under 18 U.S.C. § 922(g)(I) and 18 U.S.C. § 924(a)(2). *See* Doc. [198]. Thereafter, this Court sentenced Defendant as a career offender to 324 months of incarceration. Doc. [221]. On March 29, 2024, Defendant's counsel filed a notice of appeal. Doc. [224]. Defendant's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), challenging the substantive reasonableness of the sentence and alleging Defendant's speedy trial rights had been violated. On June 12, 2024, the United States Court of Appeals for the Eighth Circuit

issued an order granting Defendant permission to submit supplemental briefing by July 3, 2024, regarding any additional issues he wanted considered, and held in abeyance appointed counsel's motion to withdraw pending review of Appellant's briefs pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988). *See* [236]. Subsequently, Defendant filed several pro se motions in this Court: requesting documents and transcripts, Docs. [237], [242]; requesting an order requiring his attorney to give him his court file to use in a § 2255 motion, Doc. [239]; and requesting appointment of new counsel to assist him with filing his direct appeal. Doc. [243]. On November 27, 2024, in the midst of Defendant filing these pro se motions, the Eighth Circuit denied appointed counsel's motion to withdraw, Defendant's motion for appointment of new counsel, and ordered the parties to submit supplemental briefing on whether Defendant's prior Missouri conviction for second-degree domestic assault qualifies as a predicate crime of violence pursuant to the United States Sentencing Guidelines. Doc. [240]. On February 28, 2025, in a *per curiam* opinion, the Eighth Circuit affirmed this Court's judgment finding that Defendant's conviction of second-degree assault is a predicate offense under the career offender Guidelines. *See* Doc. [246] at 3. The Eighth Circuit additionally concluded that there were no violations of Defendant's right to a speedy trial, and that the sentence imposed was not substantively unreasonable, as the District Court varied downward in sentencing. *See* Doc. [246] at 3. The Eighth Circuit issued its mandate in the matter on March 21, 2025. Doc. [248].

Thereafter, on August 6, 2025, Defendant filed a pro se motion requesting "his court documents." Doc. [251]. On August 18, 2025, Defendant filed a pro se document titled "Great Writ 2255" requesting discovery, transcripts, and other relief. *See* Doc. [252]. The motion was re-docketed as a separate civil action. *Blakemore v. United States*, Case No. 4:25-cv-01247. In that case, this Court entered an order on September 12, 2025, requiring Blakemore to file an amended motion on the Court-approved § 2255 form by October 27, 2025, warning that failure to comply would result in dismissal

without prejudice. *See Blakemore*, Case No. 4:25-cv-01247, Doc. [3]. Because Defendant did not do so this Court dismissed the matter without prejudice for failure to submit the required form. *See Blakemore*, Case No. 4:25-cv-01247, Doc. [4]. That matter is currently pending appeal. See *Blakemore*, Case No. 25-3473.

Based on the foregoing, and the fact that Defendant's motion to vacate was administratively assigned its own civil matter, *see Blakemore*, Case No. 4:25-cv-01247, Doc. [3], there is no basis for this Court to grant any of Defendant's pending motions in a closed criminal case.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's pro se motions in this matter, Docs. [237], [239], [242], [243], and [251], are therefore **DENIED** without prejudice.

Dated this 23rd day of January, 2026

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

3